IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HONEYWELL INTERNATIONAL INC.,

                Plaintiff,                     OPINION AND ORDER

v.

                                      17-cv-723-wmc

RESEARCH PRODUCTS CORPORATION,

                Defendant.

---

In this lawsuit, plaintiff Honeywell International Inc. ("Honeywell") alleges that defendant Research Products Corporation ("RPC") infringed several of its patents. Before the court is defendant's motion to limit the number of asserted claims (dkt. #27), which will be granted in part and denied in part as set forth below, and plaintiff's unopposed motion for leave to file an amended complaint and supplement core substantive concerns (dkt. #49), which will be granted.

BACKGROUND

On September 21, 2017, Honeywell filed its initial complaint against RPC for patent infringement. (Compl. (dkt. #1).) The complaint asserts six utility patents and one design patent, while asserting infringement of at least 71 asserted claims. The patents relate to components used in residential zoned heating, ventilation and air conditioning systems. Five involve electronic zone control panels and two involve dampers for the control of air flow. Honeywell filed its motion to amend its complaint on April 12, 2018, and assert claims under an *eighth* patent.

While the parties agree the number of asserted claims should eventually be limited,

RPC seeks an order limiting Honeywell to just 10 asserted patent claims now, while offering to limit its invalidity defense to 20 prior art references. (Def.'s Mot. To Limit Claims (dkt. #27) 14.) For its part, Honeywell asks that its claims not be limited until after expert discovery has taken place. (Pl.'s Opp. (dkt. #31) 6.)

OPINION

RPC principally contends that Honeywell's receipt of both RPC's invalidity contentions and documents showing the operation of the allegedly infringing products should be sufficient information for Honeywell to limit its claims. (Def.'s Mot. To Limit Claims (dkt. #27) 15.) RPC also argues that reducing the number of claim terms will save "significant time and expense associated with expert disclosures and reports" and result in "less work for all liability experts." (*Id*. at 16.)

In response, Honeywell counters that RPC should provide infringement discovery and its final, non-infringement and invalidity contentions as vetted by expert discovery, before Honeywell is required to limit its claims. (Pl.'s Opp. (dkt. #31) 3.) Honeywell not only maintains it is unable to anticipate RPC's positions at this time, but argues that narrowing the claims terms would *not* substantially reduce the number of accused products or patents, meaning the amount of necessary discovery and depositions would be largely unaffected. (*Id*. at 6.) Honeywell finally observes "RPC's argument that many of the asserted claims are duplicative contravenes its assertion that the discovery for those claims would be burdensome." (*Id*. at 6-7.)

In order to balance the importance of expert discovery to narrowing of the claims with the November 1, 2018, dispositive motion deadline, the court will require *Honeywell*

2

to narrow its number of asserted claims by July 30, 2018, and RPC to narrow its prior art references by August 20, 2018. With regard to the scope of that narrowing, the court finds that a limit of 16 claims and 32 prior art references are appropriate in light of the fact that the patents are related and the claims significantly overlap. Moreover, this number appears consistent with similar limitations approved by the Federal Circuit. *See, e.g., Stamps.com Inc. v. Endicia, Inc.*, No. 2010-1328, 2011 WL 2417044, at *1 (Fed. Cir. June 15, 2011) (affirming district court's reduction of asserted claims from 629 claims of 11 patents to 15); *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1312 (Fed. Cir. 2011) (affirming district court reduction from 1,975 claims from 31 patents to 16 per defendant group).

This limitation does not appear to implicate Honeywell's due process rights. *See In re Katz*, 639 F.3d at 1312 (rejecting due process argument when plaintiff failed "to demonstrate that some of its unselected claims presented unique issues as to liability or damages"). Based on other reductions, the overlapping nature of the patents and the relatively straightforward nature of the claims and technology, allowing Honeywell to identify 16 claims seems fair and practical. Still, upon a proper showing, the court may allow Honeywell to add additional claims.

According to supplemental briefing by the parties, altered products may soon be released that *could* give rise to similar claims. As of right now, however, the court is unable to conclude that the necessity of including more claims is inevitable. If Honeywell should feel it necessary, it should make a showing or proffer that its selected claims are not sufficient to protect its intellectual property rights from subsequent developments.

ORDER

IT IS ORDERED that:

1) Defendant Research Products Corporation's motion to limit the number of asserted claims and prior art references (dkt. #27) is GRANTED IN PART AND DENIED IN PART as follows:

   a) Plaintiff Honeywell shall identify 16 claims on or before Monday, July 30, 2018; and

   b) Defendant RPC shall identify 32 prior art references on or before Monday, August 20, 2018.

2) The various motions for leave to file new briefing (dkt. ## 36, 40, 47) are GRANTED though the parties need not resubmit the attached briefing.

3) Plaintiff Honeywell's unopposed motion for leave to file an amended complaint and supplement core substantive concerns (dkt. #49) is GRANTED and the following dates will be modified:

   a) Defendant's answer to the amended complaint is due May 1, 2018;

   b) Plaintiff's amended infringement contentions are due 7 days after defendant's answer is filed; and

   c) Defendant's amended invalidity contentions are due 28 days after plaintiff's amended infringement contentions are served.

Entered this 17th day of April, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge